In the Matter of ESSEX PROPERTIES, LTD., fdba Dillingham-Systech Development Properties Ltd., Debtor.

R. A. KRAUSE, as Nominee of the Trustees of Atico Mortgage Investors, a Massachusetts Business Trust, Plaintiff-Appellee,

v.

ESSEX PROPERTIES, LTD., fdba Dillingham-Systech Development Properties Ltd., Defendant-Appellant.

No. C-76-1953 WHO.

United States District Court,
N. D. California.

April 19, 1977.

William T. Laube, Patrick A. Murphy, Penn Ayers Butler, Larry Peitzman, Cowans & Murphy, San Francisco, Cal., for plaintiff-appellee.

John M. Anderson, William R. Pascoe, Landels, Ripley & Diamond, San Francisco, Cal., for defendant-appellant and debtor.

OPINION

ORRICK, District Judge.

Appellant, Essex Properties, Ltd., debtor in the instant proceeding under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801, *et seq.*, appeals from an order entered July 28, 1976, by Bankruptcy Judge Cameron W. Wolfe striking appellant's affirmative defenses and dismissing appellant's counterclaims to a complaint brought by appellee, R. A. Krause, a secured creditor of appellant, for termination of the automatic stays of Section 428 of the Bankruptcy Act and Bankruptcy Rule 12-43. For the reasons stated below, the Court affirms the order of Bankruptcy Judge Wolfe and dismisses the appeal.

I.

At the time of the bankruptcy proceeding below, the appellee held a mortgage as security for payment of a note on real property located in Florida and owned by appellant. The appellee filed an action in Florida state court to foreclose the mortgage. The appellant answered the complaint raising usury as an affirmative defense. Appellant later filed for bankruptcy under Chapter XII of the Bankruptcy Act in the Northern District of California and secured an automatic stay of the foreclosure proceedings under Bankruptcy Rule 12-43(a). Pursuant to Bankruptcy Rule 12-43(d), appellee then filed a complaint for termination of the automatic stay. Appellant answered and raised certain affirmative defenses and counterclaims alleging usury, negligence, breach of contract, and fraud. Appellee moved for an order striking the affirmative defenses and dismissing the counterclaims. The bankruptcy judge granted appellee's motion on grounds that

the bankruptcy court lacked jurisdiction to entertain appellant's allegations, and this appeal followed.

## II.

The central issues before the Court on appeal concern the interrelation of Rules 712(b) and 713 of the Bankruptcy Act with Rule 928. The appellant contends that Rules 712(b) and 713 authorize the assertion of counterclaims and affirmative defenses against complaints to vacate automatic stays despite the language of Rule 928. The appellee argues that a close reading of Rules 712(b) and 713 does not support appellant's contentions and that Rule 928 clearly bars any expansion of bankruptcy court jurisdiction.

A. *Bankruptcy Rules 712(b) and 713.*

Bankruptcy Rule 12–60(a) states:

"*Adversary Proceedings. Part VII* of the Bankruptcy Rules shall *govern any proceeding* instituted by a party before a bankruptcy judge in a Chapter XII case *to * * * (5) obtain relief from a stay* as provided in Rule 12.43 * * *." (emphasis added)

The clear language of this Rule required the bankruptcy court below to refer to Part VII of the Bankruptcy Rules for guidance in the consideration of appellee's complaint to vacate stay. The parties, however, cannot agree over the interpretation of two rules within Part VII which have a direct bearing upon the case.

Rule 712(b) of Part VII declares that "[s]ubdivisions (b)–(h) of Rule 12 of the Federal Rules of Civil Procedure apply in adversary proceedings * * *". Rule 12(b) of the Federal Rules of Civil Procedure states in turn that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required * * *". The appellant, therefore, argues that it has clear authority to assert its affirmative defenses in the answer to appellee's complaint. The appellant further supports its assertion of af-

firmative defenses by reference to Bankruptcy Rule 914 of Part IX which applies to "contested matters not rising to the level of adversary proceedings". This Rule excludes a cross-reference to Rule 12(b) of the Federal Rules of Civil Procedure. The appellant, therefore, contends that the presence of the cross-reference to the Federal Rules of Civil Procedure in Bankruptcy Rule 712(b) and the absence of such reference in Bankruptcy Rule 914 indicates that the drafters purposely provided for affirmative defenses in one type of proceeding (adversary) and not in another (nonadversary).

A second Rule in Part VII, 713, declares that "Rule 13 of the Federal Rules of Civil Procedure applies in adversary proceedings * * *". Rule 13 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

"(a) *Compulsory Counterclaims.* A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * *.

(b) *Permissive Counterclaims.* A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."

The appellant construes Bankruptcy Rule 713 and its cross-reference to Rule 13 of the Federal Rules of Civil Procedure to require the assertion of the counterclaims for usury, fraud, negligence, and breach of contract which it raised in the bankruptcy court below.

The arguments of the appellant appear valid on their face, but closer inspection reveals that Rules 12(b) and 13 of the Federal Rules of Civil Procedure did not compel the assertion of the counterclaims and affirmative defenses in the bankruptcy proceeding. Two recent bankruptcy court decisions, for instance, squarely rebut appellant's contentions. Both cases concerned

proceedings under Chapter XI, but both involved the interpretation of rules which have, as their counterparts, the rules in Chapter XII upon which appellant bases its case.

In *In re The Overmyer Co.,* 2 Bankr.Ct. Dec. 992 (S.D.N.Y.1976), a secured creditor filed a complaint to seek relief from an automatic stay. The debtor answered and asserted various counterclaims which the credit opposed in a motion for summary judgment. The court's holding that the debtor could not assert the counterclaims in an action to seek relief from a stay stated:

"Dealing first with the various counterclaims which the court finds is the product of zeal in attempting merely to create issues of fact, the court holds that they are simply not assertible in this action to be relieved from a stay. The fact that Rule 11–61(a) [the counterpart to Rule 12–60(a) in Chapter XII] requires the filing of a complaint to seek relief from a stay so that the secured creditor may proceed elsewhere to enforce its lien does not confer additional rights on the debtor to assert counterclaims and defenses which are utterly unrelated to what the complaint really seeks—relief from an automatic stay so that a secured creditor may proceed with enforcement of its lien, a course which would not preclude the debtor from raising these defenses in the very action which the complaint seeks leave from this court to pursue." *Id.* at 994.

The *Overmyer* court drew support for its position from the earlier New York Bankruptcy Court decision in *In Re Groundhog Mountain Corp.,* 1 Bankr.Ct.Dec. 923 (S.D. N.Y.1975). In *Groundhog Mountain,* the creditor, as in *Overmyer,* sought relief from the effects of an automatic stay. The debtor interposed certain counterclaims and defenses which the creditor moved to dismiss. The court granted the motion on grounds that the counterclaims and defenses related to the merits of the underlying foreclosure action and not the action for termination of the stay. The judge stated:

"A compulsory counterclaim cannot be asserted unless first there be a claim asserted; and a request for relief from an injunction to permit the assertion of a claim against a debtor or its property is not a claim, within the meaning of the Federal Rules, sufficient to support what is, at best, a permissive counterclaim going, not to the merits of the suit seeking relief from a stay, but rather to the merits of the very suit which the plaintiff hopes to bring if only the Court will act favorably and relieve it from the Rule 11–44 [the counterpart to Rule 12–43 in Chapter XII] stay." *Id.* at 924.

This Court supports the logic of *Overmyer* and *Groundhog Mountain* and holds: (1) that appellee's complaint to vacate stay did not constitute a claim within the meaning of Rules 12(b) or 13 of the Federal Rules of Civil Procedure; (2) that the appropriate forum for appellant's affirmative defenses and counterclaims was the trial court in the foreclosure action; and (3) that the defenses and counterclaims did not direct themselves to the termination of the stay but to the validity of appellee's security interest and other matters not before the bankruptcy court.

Furthermore, the language of Rule 13 of the Federal Rules of Civil Procedure alone does not contain forceful support for appellant's contention that it may assert its claims and defenses in bankruptcy court. Rule 13(a) of the Federal Rules of Civil Procedure, regarding compulsory counterclaims, contains a proviso that "the pleader need not state the claim if * * * at the time the action was commenced the claim was the subject of another pending action * * *". At the time that the appellee filed the complaint for termination of the stay, appellant's claims concerned the subject matter of the action pending in Florida state court. Professor Moore has stated that the proviso to Rule 13 has the effect of converting an otherwise compulsory counterclaim into a permissive counterclaim. 3 J. Moore, *Federal Practice* ¶ 13.14 (2d ed. 1948). Therefore, appellant cannot assert

that it must raise its counterclaims or lose them forever.

Moreover, permissive counterclaims under Rule 13(b) of the Federal Rules of Civil Procedure generally require independent grounds for jurisdiction. *See* 3 J. Moore, *Federal Practice* ¶ 13.19[1] (2d ed. 1948). Appellant, therefore, cannot resort to Rule 13(b) to establish the authority of the bankruptcy court to hear appellant's claims and defenses because the Rule begs the jurisdictional question which this Court must decide. Of course, a bankruptcy judge, as in this case, may grant a debtor a limited right to introduce evidence concerning the debtor's equity in mortgaged property, but the language of Rule 13 of the Federal Rules of Civil Procedure does not necessarily create or compel this right.

### B. *Bankruptcy Rule 928.*

The second issue before this Court on appeal concerns the jurisdiction of the bankruptcy judge below to entertain appellant's affirmative defenses and counterclaims. Bankruptcy Rule 928 states:

> "*Jurisdiction Unaffected.* These rules shall not be construed to extend or limit the jurisdiction of courts of bankruptcy over subject matter."

The appellant recognizes the inherent conflict between the language of this Rule and Rules 712(b) and 713, but construes Bankruptcy Rule 928 to permit resort to Rules 12(b) and 13 of the Federal Rules of Civil Procedure. The appellee argues, and the Court believes correctly, that Bankruptcy Rule 928 constitutes a clear expression from the drafters that the Bankruptcy Rules are procedural only and do not confer new substantive rights on parties to federal bankruptcy proceedings. Accordingly, the Court holds that the bankruptcy judge correctly declined to hear appellant's affirmative defenses and counterclaims for lack of jurisdiction.

Bankruptcy Rule 928 affirms the validity of the many pre-Rule cases which define the scope of bankruptcy court jurisdiction. This cumulative precedent distinguishes the authority of bankruptcy courts to hear matters as "summary" and the authority of courts of general jurisdiction to hear matters as "plenary". The decisions further differentiate between categories of summary jurisdiction by classifying bankruptcy cases according to the nature of the proceeding and to the conduct of the parties. For instance, bankruptcy courts have authority to hear so-called "proceedings in bankruptcy" and so-called "controversies in proceedings in bankruptcy". The former phrase "is a term of art referring to matters of the administration of the bankrupt's estate, including the allowance of claims and the reduction of the estate to money". *Tamasha Town & Country Club v. McAlester Construction Finance Corp.*, 252 F.Supp. 80, 85 (S.D.Cal.1966). The latter phrase "is likewise a term of art referring to disputes concerning the property of the bankrupt in the actual or constructive possession of the Court". *Id.* Alternatively, the parties to a proceeding, not cognizable under either of the labels mentioned above, can, by their conduct, expressly or impliedly consent to bankruptcy court jurisdiction. *Id.* At least one post-Rule decision has recognized the continuing authority of pre-Rule jurisdiction cases and has substantially followed the analysis found in the *Tamasha* opinion. *In re The All American Burger, Inc.*, 2 Bankr.Ct.Dec. 763, 764–765 (C.D.Cal.1976).

After consideration of the arguments in the briefs and the case law cited therein, this Court finds that the defenses and counterclaims of the appellant do not clearly fall within the scope of matters cognizable by a bankruptcy court. In so finding, this Court adopts the rationale espoused by Judge Hill in the *Tamasha* case and holds that the defenses of usury, fraud, breach of contract, and negligence do not constitute the type of administrative matters contemplated by the phrase "proceedings in bankruptcy" nor do they constitute disputes over ownership of property within the meaning of the phrase "controversies in proceedings in bankruptcy". *See Tamasha Town & Country Club v. McAlester Construction Finance Corp., supra. See also* 11 U.S.C. §§ 11(a)(7), 46(a); 2

W. Collier, *Bankruptcy* ¶¶ 23.02–23.08 (14th ed. 1975). Therefore, the appellant must prove that appellee consented to a hearing of the defenses and counterclaims in the bankruptcy action below. However, the record contains no such proof. The appellee expressly objected to appellant's right to raise its defenses and counterclaims from the earliest possible moment. Nor has the appellee impliedly consented to the jurisdiction of the bankruptcy court. The case law regarding implied consent draws a distinction between actions which are affirmative and those which are defensive in nature. The pre-Rule opinions state that an action by a creditor to seek relief from a stay of other court proceedings is defensive and does not constitute an implied consent to jurisdiction. *See e.g., Tamasha Town & Country Club v. McAlester Construction Finance Corp., supra.* Bankruptcy Rule 928 maintains the vitality of these pre-Rule cases, and several recent decisions have either characterized an action to terminate a stay as defensive or held that defenses and counterclaims directed to plenary court matters are not appropriately directed against complaints to vacate automatic stays. *See, e.g., In re The All American Burger, Inc., supra; In re The Overmyer Co., supra; In re Groundhog Mountain Corp., supra.*

The only recent precedent which tends to support a finding of implied consent in the proceeding below is contained in *In re Sal Amato, Inc.,* 1 Bankr.Ct.Dec. 954 (D.Conn. 1975). In *Sal Amato,* the creditor filed a complaint to seek relief from an automatic stay entered after commencement of a Chapter XI proceeding. The debtor answered and alleged that it held substantial equity in the property subject to foreclosure and that the debt was usurious. The creditor moved to dismiss, but the court treated the motion as requesting summary judgment and held:

> "If the testimony were complete as to the factual matters alleged in the pleadings, the matter could be determined on the merits. * * * The defenses of equity and usury cannot be disposed of

without evidence, and if the proven facts support these claims, they would be sufficient in law. Accordingly, [the motion] must be denied." *Id.* at 955.

The *Sal Amato* case, however, does not compel a finding of implied consent in the proceeding below for at least two reasons: (1) the creditor in *Sal Amato* does not appear to have objected to the jurisdiction of the bankruptcy court; and (2) the allegation of usury in *Sal Amato* concerned only the extent of the debtor's equity in the property, not defenses and counterclaims amounting to set-offs and claims for money judgment.

### III.

In sum, appellant's references to Rules 12(b) and 13 of the Federal Rules of Civil Procedure not only fail to satisfy the precise language of the rules themselves but also contravene the authority of recent bankruptcy cases which have barred counterclaims and affirmative defenses to complaints to vacate automatic stays under Chapter XI. Furthermore, the appellant cannot reconcile its reference to the Federal Rules of Civil Procedure with the clear intent expressed in Bankruptcy Rule 928 to maintain the pre-Rule bases of jurisdiction in bankruptcy courts. Thus, Bankruptcy Rules 712(b) and 713 do not convert Rules 12(b) and 13 of the Federal Rules of Civil Procedure into vehicles for the resolution in bankruptcy courts of matters traditionally heard only by courts of general jurisdiction.

The order of the bankruptcy judge is affirmed, and the appeal is dismissed.