In re Jules D'Orsay HOLMES, Bankrupt.

The WESTERN NATIONAL BANK OF COLORADO SPRINGS, Plaintiff-Appellant,

v.

Jonathan M. DREGER, Defendant-Appellee.

Bankruptcy No. 78 B 510.
Civ. A. No. 78–K–1164.

United States District Court, D. Colorado.

Nov. 6, 1979.

Michael A. Berniger, Berniger, Berg & Sterling, Colorado Springs, Colo., for Holmes.

Terry D. Hendricks, Hendricks & Hendricks, Colorado Springs, Colo. for Western Nat'l Bank.

Lawrence E. Addy, Addy, Otto & Stauffer, Colorado Springs, Colo., for Dreger.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

On August 4, 1978, appellant, the Western National Bank of Colorado Springs, filed a complaint for relief from stay of enforcement of a lien on a security interest held by appellant. On August 14, 1978, the trustee filed an answer and a counterclaim which alleged a preferential transfer. · Appellant filed its motion to withdraw its complaint on August 31, 1978. In that motion appellant also objected to the jurisdiction of the bankruptcy court over matters set forth in the trustee's counterclaim. At the proceeding below, the bankruptcy court denied appellant's motion to withdraw its complaint for relief from stay. It also ruled that the bankruptcy court had jurisdiction to hear matters asserted in the trustee's counterclaim. The instant case is now before the court upon Western National Bank's appeal of the bankruptcy court's rulings.

### I SUMMARY JURISDICTION

In its order, the bankruptcy court judge ruled that the court obtained summary jurisdiction to adjudicate the preferential transfer issue alleged in the counterclaim. The judge arrived at this decision by finding that when appellant filed its complaint for relief from the automatic stay it impliedly consented to the summary jurisdiction of the bankruptcy court to hear matters in the trustee's counterclaim.

". . . But no such inquiry is necessary where the adverse claimant has himself invoked the jurisdiction of the Court by filing a claim against the Bankrupt. In such case, he has consented to the summary jurisdiction of the Court to adjudicate his claim and the trustee's defenses thereto."

(Order of the Bankruptcy Court.)

■ A creditor who files a claim against the estate of the bankrupt impliedly con-

sents to the summary jurisdiction of the bankruptcy court to determine not only the validity and amount of the claim but also to determine issues set forth in the trustee's counterclaim that arise out of the same transaction. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966); *Interstate National Bank of Kansas City v. Luther*, 221 F.2d 382 (10th Cir. 1955); *Matter of Investors Funding Corp. of New York*, 452 F.Supp. 771 (S.D.N.Y.1978). In the instant case the bankruptcy court judge apparently equated the complaint for relief from the stay to a claim filed against the bankrupt's estate. If this complaint was a "claim" such as the type in *Katchen*, the decision was correct.

Pursuant to Bankruptcy Rules 401 and 601, a secured creditor must file a complaint in order to lift a stay. *Matter of Roloff*, 598 F.2d 783 (3rd Cir. 1979). Bankruptcy Rule 701 defines as an adversary proceeding a proceeding instituted to obtain relief from a stay. However such a designation is insufficient to equate a complaint for relief from a stay to a claim against the bankrupt's estate. In *Matter of Roloff, supra*, it was stated:

"... We do not believe that, by designating as a 'complaint' the motion for relief from the stay, the drafters of the Bankruptcy Rules anticipated that bankruptcy judges would be authorized to conduct trials on the merits of particular liens whenever relief from a stay was sought."

*Id.* at p. 788.

The court in *Matter of Roloff, supra*, also noted that its result was conceptually sound.

"Conceptually a petition to vacate a stay imposed by the bankruptcy court is unlike the claim involved in *Katchen v. Landy* or a petition for reclamation. The latter applications seek affirmative relief from the bankruptcy court; they ask it to turn the debtor's money or property over to the claimant. By their very nature they require the bankruptcy court to decide the merits—the validity and amount—of the claim. In effect, the bankruptcy court is asked to render judgment for the claimant and to execute the judgment. But an application to vacate a stay is defensive in nature. It does not seek affirmative relief from the bankruptcy court but asks it to remove a bar to the secured creditor's proceeding elsewhere. If the bankruptcy court vacates its stay the secured creditor must litigate his claim elsewhere and if it prevails seek enforcement of its judgment elsewhere." *Id.* at p. 787, n. 18.

■ Western National Bank's complaint did not seek affirmative relief against the estate of the bankrupt. The complaint only requested relief from the automatic stay which alone is insufficient to constitute a claim. *Matter of Roloff, supra; Matter of Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977); *In Re Groundhog Mountain Corp.*, 1 Bankr.Ct.Dec. 923 (S.D.N.Y.1975). Accordingly, the bankruptcy court judge erred in ruling that appellant, by filing a complaint for relief from a stay, impliedly consented to the summary jurisdiction of the bankruptcy court to adjudicate issues raised in the trustee's counterclaim.

## II DISMISSAL OF THE COMPLAINT

■ Bankruptcy Rule 701 defines a complaint for relief from a stay as an adversary proceeding. Bankruptcy Rule 741 states that Rule 41 of the Federal Rules of Civil Procedure applies in adversary proceedings. The bankruptcy court judge apparently based his denial of appellant's motion to withdraw its complaint on the existence of the counterclaim over which it erroneously ruled that it had jurisdiction. "FRCP 41(2) [41(a)(2)] states, '... If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the Court . . . .'" (Order of Bankruptcy Court.) However, as stated in Part I of this opinion, the bankruptcy court did not have summary jurisdiction to adjudicate the issues raised in the trustee's counterclaim. The bankruptcy

court judge's denial of appellant's motion to dismiss its complaint is reversed.

IT IS ORDERED that the decision of the bankruptcy court is reversed and that the relief requested by the appellant is granted.

IT IS FURTHER ORDERED that this civil action is dismissed.