In the Matter of NORTHWEST RECREA-
TIONAL ACTIVITIES, INC., d/b/a
Chattahoochee Plantation Club, Debtor.

In re ROBMAC, INC., d/b/a Plantation
Club, Debtor.

CHATTANOOGA FEDERAL SAVINGS
AND LOAN ASSOCIATION, Plaintiff

v.

Bankruptcy Nos. B79–2876A, B79–2977A.
Adv. No. 79–0002A.

United States Bankruptcy Court,
N. D. Georgia.

Jan. 11, 1980.

See also, Bkrtcy., 8 B.R. 1; Bkrtcy., 8 B.R. 7, and Bkrtcy., 8 B.R. 10.

Paul H. Anderson, Jr., Atlanta, Ga., for Chattanooga Federal.

David Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtor/defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Prior to filing the above-styled adversary proceeding, plaintiff filed a written document entitled a "request" to terminate the 11 U.S.C. § 362(d) automatic stay in the above-referenced Chapter 11 case be lifted for cause stated. No complaint under Part VII of the Bankruptcy Rules was filed. Plaintiff argues that no adversary proceeding is necessary because the reference to "on request of a party of interest" in § 362(d)[1] renders "inconsistent"[2] with the Bankruptcy Code the Bankruptcy Rule 701 procedure requiring the filing of an adversary proceeding to obtain relief from a stay. At the hearing, the court overruled the "request" as insufficient to initiate a proceeding to obtain relief from the stay, and directed that an adversary proceeding complaint under Part VII of the Bankruptcy Rules be filed that day; but, forthwith, the court heard arguments on the issues presented by the documents which had been filed.

The term "request" as used in § 362(d) is merely permissive of the use of existing procedure for initiating proceedings to lift a stay. Existing Bankruptcy Rule 701 clearly requires actions to modify the automatic stay of Bankruptcy Rules 401 and 601, and now the statutory successor, § 362, to be adversary proceedings governed by Part

---

1. Similarly, Section 362(e) provides: "Thirty days after a *request* under subsection (d) . . . for relief from the stay . . . such stay is terminated with respect to the party in interest making such *request.*" [Emphasis supplied]

2. Bankruptcy Reform Act of 1978, Public Law 95–598, November 6, 1978, 98 Stat. 2601, Title IV—Transition, § 405(d). "The rules . . . in effect on September 30, 1979, shall apply in cases under Title 11 to the extent not inconsistent with the amendments made by this Act, until such rules are repealed or superceded."

VII of the Bankruptcy Rules. Until new official Bankruptcy Rules are drafted and enacted by the Supreme Court and Congress pursuant to 28 U.S.C. § 2075, the existing Bankruptcy Rules are applicable to cases filed under the Bankruptcy Code unless "inconsistent" with the Bankruptcy Code.[3] This Court does not consider the term "request" as used in § 362(d) as either establishing a new procedure to commence proceedings involving disputes for judicial determination, or as amendatory or inconsistent with Part VII of the Bankruptcy Rules (except as to answer and hearing schedule provided in Rule 712, which must be revised by local rule as permitted by Rule 712, to accelerate the time for filing answer to a period less than 25 days in order to accommodate the 30 day provision in § 362(e)).[4]

The filing of an adversary proceeding complaint under Bankruptcy Rule 701(6) is the proper and necessary method to make such a "request" under Bankruptcy Code § 362(d) to obtain relief from a stay.

Senate Report to § 362 states:

"The action commenced by a party seeking relief from the stay is referred to as a *motion* to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause of relief from the stay." [Emphasis supplied] S.Rep.No. 95–989, 95th Cong.2d Sess. p. 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5841.

It has been argued that this comment in the Senate Report makes it clear that the action to lift the stay may be brought by motion rather than by adversary proceeding under Part VII of the existing Bankruptcy

Rules. Not so. Certainly, it is not that clear to this court.

Indeed, § 362(d) and (e) do not use the term motion. Hence, the action in § 362(d) and (e) is not "referred" to as a motion. Instead, the term used in § 362(d) and (e) is "request," i. e. in (d): "On *request* of a party of interest," etc. and in (e) "thirty days after *request,* under subsection (d)." [Emphasis supplied] The term "request" is also used elsewhere in several places in the Bankruptcy Code in reference to actions which may be permitted.

Of course, Congress could have used the term "motion" in subsections (d) and (e) of § 362, which term has a defined meaning under Bankruptcy Rule 901(9) to commence a contested matter governed by Bankruptcy Rule 914. If so, coupled with this now unaccountable, unsupported reference to motion in the legislative report, it would have given some credence to a contention that the action expected to be commenced under § 362(d) is not an adversary proceeding. In such event, Bankruptcy Rule 701 might be considered inconsistent with § 362(d) and (e) of the Bankruptcy Code.[5] Not being so, the mere legislative reference to "motion" is too thin a reed to support a contention that "request" means motion and that Bankruptcy Rule 701 is inconsistent with § 362(d) and (e) and, therefore, the adversary proceeding procedure of Part VII of the Bankruptcy Rules is inappropriate to commence an action for relief from the § 362(a) stay.

Instead, it is not entirely clear what the writer of that paragraph of the legislative report entirely meant. This court rather believes that the legislative comments intended to convey the intention that the action seeking relief from the stay should be one of limited issues and scope, the hearing promptly commenced, and the decision on the continuation of the stay promptly

---

**3.** See fn. 2.

**4.** See local Interim Bankruptcy Rule 4001(c) and 7001(b) which provide that § 362(e) actions are Adversary Proceedings governed by Part VII of the Rules; and that answers and re-

sponses must be filed within ten (10) days of the date of the summons and the expedited preliminary hearing shall be set within fifteen (15) days of the date of the summons.

**5.** See fn. 2.

rendered. The expedited nature of the proceeding and its scope is the emphasis of the comment. The comment intends to make clear to the litigants that the § 362(e) action is in isolation and different from one which asserts a claim which gives rise to the right or obligation to assert counterclaims. The thrust of the comment is that the stay proceeding should not become complicated and delayed by the trial necessary to an *adjudication* of counterclaims involving other causes and issues such as recovery of property or allowance of claims and the like, even though the existence of such meritorious claims may have some bearing on whether the stay should be continued.

The comment is not dealing with a jurisdictional problem as dealt with in *In re Groundhog Mountain Corp.*, 1 Bankr.Ct.Dec. 923 (S.D.N.Y.1975); *In re Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977), and in *In re Scandia Builders*, 4 Bankr.Ct.Dec. 823 (N.D.Ga.1978). Jurisdiction of the Bankruptcy Court under the Bankruptcy Code over counterclaims is no longer arguable in actions in the Bankruptcy Court.[6] The comment is dealing with the practical one of issues limitation; that is, to allow an expedited hearing and ruling on the fairly limited issues relevant to whether to continue the stay. An expedited adversary proceeding procedure accommodates such intention as admirably as would motion procedure.

Therefore, the legislative comment, in such off-handed, oblique reference to "motion," most surely does not mandate a new procedure for proceedings seeking relief from the stay different from that prescribed in Bankruptcy Rule 701. Bankruptcy Rule 701 and Part VII of the Rules are compatible rather than inconsistent with § 362(d) and (e). Hence, the procedure required for actions seeking relief from the automatic stay is that prescribed by Bankruptcy Rule 701, i. e.: adversary proceedings, instituted by complaint and summons.

Suggested Interim Bankruptcy Rule 4001 seems to recognize the continued efficiency of Rule 701.

6. 28 U.S.C. §§ 1471–1482; § 241 of Bankruptcy Reform Act; § 405(a)(1)(2) of Reform Act.

The only thing in Part VII of the Bankruptcy Rules which is inconsistent with § 362 is the provision in subsection (e) which provides for termination of the § 362(a) stay upon the expiration of 30 days after filing of the complaint for relief. That is, Rule 712 provides that the summons shall provide for an answer in 25 days and a pre-trial or trial date set thereafter.

Therefore, for Bankruptcy Rule 712 to be entirely consistent with § 362(e), the summons must provide for an earlier answer and an earlier preliminary hearing that 30 days from filing of the complaint, which this court will accomplish by local Interim Bankruptcy Rule 4001(c) and 7001(b).