**Frank and Naomi VASTOLA, Plaintiffs,**

v.

**Mary Jeannette MILKS, Defendant.**

**No. CIV-81-500E.**

United States District Court,
W. D. New York.

Sept. 8, 1981.

Mark M. Schuetze of Ralabate & Nicosia, Buffalo, N. Y., for plaintiffs.

Carl M. Perfetto, Lackawanna, N. Y., for defendant.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

This is an appeal from an order of the Bankruptcy Court which granted plaintiffs relief from the automatic stay provided by 11 U.S.C. § 362 and dismissed the defendant debtor's counterclaim.

The debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code February 18, 1981. Plaintiffs hold a mortgage on certain real property owned by the debtor and had petitioned the Bankruptcy Court for relief from the automatic stay. The debtor counterclaimed that certain payments totalling $2,160 which had been made by her to plaintiffs constituted voidable transfers. The Bankruptcy Court entered an order May 12, 1981 which permitted plaintiffs to foreclose on the mortgage and dismissed the debtor's counterclaim on the grounds that it was improperly asserted.

Rules Bank.P. rule 713 provides that Fed. R.Civ.P. rule 13 applies to adversary pro-

ceedings under the Bankruptcy Code. Rule 13 generally permits a defendant to state as a counterclaim any claim defendant has against a plaintiff. Nevertheless, it has been held that a complaint for relief of the automatic stay provision does not institute an adversary proceeding triggering the debtor's right to assert counterclaims. *Matter of Roloff*, 598 F.2d 783 (3d Cir. 1979); *Matter of Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977).

The legislative history of the Bankruptcy Code also indicates that a counterclaim may not be properly asserted in a proceeding to obtain relief from the automatic stay. The report of the Senate Judiciary Committee states:

"The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as [*Matter of Essex Properties, Ltd., supra*], that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim." Sen.Rep. 95–989, U.S.Code Congressional and Administrative News, 95th Cong., 2d Sess., at 5787, 5841.

*See also, In re Axton*, 641 F.2d 1262, 1270–1 (9th Cir. 1981). Thus, the debtor should pursue her voidable transfer claim in a separate action in the Bankruptcy Court, not as part of the proceeding by plaintiffs to lift the automatic stay.

I therefore conclude that the Bankruptcy Court properly dismissed the debtor's counterclaim; the Bankruptcy Court's order is therefore hereby ORDERED affirmed.