In re Arnold P. WILLIAMS, Sr., and Sharon L. Williams, Debtors.

WESTGATE ASSOCIATES, Plaintiff,

v.

Arnold P. WILLIAMS, Sr., and Sharon L. Williams, Jerome I. Meyers, Esq., Trustee, Defendants.

Bankruptcy No. 81–00026.
Adv. No. 81–0030.

United States Bankruptcy Court, D. Vermont.

Feb. 13, 1982.

Mark L. Zwicker, Brattleboro, Vt., for plaintiff.

Peter Diamondstone, Brattleboro, Vt., for debtors–defendants.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Complaint of the Plaintiff, Westgate Associates, for Relief from Stay, the Counterclaims of the Debtors—Defendants, and the Motion of the Plaintiff to Dismiss said counterclaims came on for hearing, after notice, with these appearances:

On March 25, 1981, the Plaintiff filed a Complaint for Relief from Stay so that it could proceed with an action in State Court to evict the Debtors as tenants from premises owned by the Plaintiff and to obtain judgment for past due rents. In response the Debtors—Defendants filed an Answer which, in effect, constituted a general denial and, in addition, interposed counterclaims

alleging that the Plaintiff was in possession of property valued at $229.00 which rightfully belonged to the Debtors—Defendants and that the Plaintiff had unlawfully, intentionally and willfully seized personal and household possessions of the Debtors—Defendants valued at $1,500.00. Representations made by the Attorney for the Debtors—Defendants established that the personal and household possessions were seized after the filing of the Petition of the Debtors—Defendants for Relief under the Bankruptcy Code.

The Debtors—Defendants have since the institution of this proceeding removed themselves from the premises of the Plaintiff so that the claim for possession in the State Court proceeding has now become academic.

The basis for the Motion of the Plaintiff for Dismissal is predicated on its contention that when a Complaint for Relief of Automatic Stay is instituted under § 362(d) of the Bankruptcy Code the only issue for determination is whether a lifting of the stay is justified. § 362(d) provides as follows:

"On request a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

The legislative history of this statute clearly supports the position of the Plaintiff that the only issue under it is the claim of the creditor and the lack of adequate protection or existence of other cause for relief from stay. See House Report No. 95–595 at page 344, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6300 reading as follows:

"At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of a claim."

This same view is recited in the Senate Report No. 95–989 at page 55, U.S.Code Cong. & Admin.News (1978), pp. 5787, 5841 in the following language:

"This hearing[1] will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.,* 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be."

[1] Refers to hearing for relief from stay.

Case law also supports the contention of the Plaintiff that the counterclaims of the Debtors—Defendants should be dismissed. *In re The Overmyer Co.,* 2 Bankr.Ct.Dec. 992 (S.D.N.Y.1976); *In re Groundhog Mountain Corp.,* 1 Bankr.Ct.Dec. 923 (S.D. N.Y.1975); *In re Essex Properties, Ltd.,* supra.

It may be that the Debtors—Defendants have valid claims for recovery of the property to the value of $229.00 allegedly in the possession of the Plaintiff and to the personal and household possessions to the value

of $1,500.00 allegedly taken by the Plaintiff unlawfully, intentionally and willfully after the filing of the Petition for Relief. If so, the Debtors—Defendants or the Trustee, if these claims in fact pass to him under the appropriate sections of the Bankruptcy Code, may institute appropriate action in a proper forum separate and apart from this proceeding.

## ORDER

Upon the foregoing,

IT IS ORDERED as follows:

1. The counterclaims of the Debtors—Defendants are hereby dismissed.

2. The automatic stay is hereby lifted.