**In the Matter of GEORGIA STEEL, INC., Debtor.**

**The CITIZENS AND SOUTHERN NATIONAL BANK, Plaintiff,**

**v.**

**GEORGIA STEEL, INC., Defendant.**

**Bankruptcy No. 81–50966.
Adv. No. 82–5068.**

United States Bankruptcy Court,
M. D. Georgia,
Macon Division.

April 16, 1982.

Ed S. Sell, III, Robert O. House, Sell & Melton, Macon, Ga., for Citizens and Southern Nat. Bank.

Jerome L. Kaplan, Ward Stone, Jr., James P. Smith, Kaplan & Thomason, P.A., Macon, Ga., for debtor.

William M. Flatau, Brown, Katz, Flatau & Hasty, Macon, Ga., examiner, pro se.

### ORDER

ROBERT F. HERSHNER, Jr., Bankruptcy Judge.

On September 3, 1981, Georgia Steel, Inc., Defendant, filed in this Court its petition

seeking relief under Chapter 11 of Title 11 of the United States Code. On March 9, 1982, The Citizens and Southern National Bank, Plaintiff, filed its complaint seeking relief from the automatic stay of Section 362 of the Bankruptcy Code in order to foreclose on certain property of the Defendant. On March 31, 1982, the Defendant filed its answer to this complaint. With its answer, the Defendant asserted a counterclaim in four separate counts and objected to the claim of the Plaintiff. On April 9, 1982, the Plaintiff responded to the Defendant's counterclaim and as its second defense, requested severance of the counterclaim.

The sole issue before the Court is whether severance of the Defendant's counterclaim should be ordered.

After careful consideration, the Court is of the opinion that the Defendant's counterclaim must be severed, and that the Defendant's counterclaim should be tried separate from the issue of whether the Plaintiff should be relieved from the automatic stay.

Relief from the automatic stay is one of the fundamental protections afforded secured creditors by the Bankruptcy Code. Working in conjunction with the requirement for adequate protection, relief from the automatic stay assures that a creditor's rights will not be prejudiced by the delays inherent in any bankruptcy proceeding. If cause can be shown to lift the automatic stay, or if the property involved is of no use to the bankruptcy estate, i.e., there is no equity in it and it is unnecessary for the debtor's reorganization, a creditor should be allowed to proceed against its collateral and thus protect its interest, unharmed by the delays inherent in the bankruptcy process.

In recognition of the need to have stay litigation handled promptly, Congress placed strict limits on the time frame for hearing requests for relief from the automatic stay. 11 U.S.C.A. § 362(e) (West 1979). These limits are further defined and strengthened by the Suggested Interim Rules which have been adopted by this Court. Suggested Interim Bankruptcy Rule 4001.

Because of this overriding need for expeditious treatment, strict adherence to the time limits of the Code and Rules is compelled. Thus, any action taken by a party which would prevent adherence to these time limits must be directly related to the rights affected by the stay litigation, or it must be severed for determination within a more appropriate time frame. This was fully recognized by Congress when it enacted Section 362 of the Bankruptcy Code:

> The action commenced by the party seeking relief from the stay is referred to as a motion to make it clear that at the expedited hearing under subsection (e), and at hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt, concern largely collateral or unrelated matters. This approach is consistent with that taken in cases such as *In re Essex Properties, Ltd.*, 430 F.Supp. 1112 (N.D.Cal.1977), that an action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the estate or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. What is precluded is a determination of such collateral claims on the merits at the hearing.

S.Rep.No. 95–989, 95th Cong., 2d Sess. 55 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5841.

At the expedited hearing under subsection (e), and at all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of a claim.

H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 344 (1977), U.S.Code Cong. & Admin.News 1978, pp. 6300–6301.

 The counterclaim asserted by the Defendant herein is precisely the sort of affirmative defense that Congress considered inappropriate for handling in the expedited procedure for seeking relief from the automatic stay.

First of all, the Defendant's counterclaim has nothing to do with the underlying debt which supports the Plaintiff's claim, nor does it question the validity of the secured interest which the Plaintiff seeks to assert if the Plaintiff is relieved from the automatic stay.[1]

The Defendant's counterclaim is brought in four counts. The first count sounds in contract and seeks damages of $3,000,-000.00. The Defendant alleges that the Plaintiff breached an agreement with the Defendant in which the Plaintiff agreed to release certain collateral upon payment of $750,000.00 by the Defendant. The Defendant alleges that this breach prevented it from acquiring an alternate source of financing for its business operations.

Count II sounds in tort, and is based upon the same facts as Count I. It also seeks $3,000,000.00 in damages, but is grounded on wrongful interference with certain of the Defendant's contractual and business relationships.

Count III is a request for an award of the expenses of litigation, included attorney's fees, and is based on the alleged bad faith of the Plaintiff.

Count IV seeks $5,000,000.00 in punitive damages.

The Defendant also objects to the Plaintiff's claim. This objection is based on the premise that if the counterclaim is determined favorably to the Defendant, the Plaintiff will owe the Defendant far more than the amount of the Plaintiff's claim. This would provide the Defendant with a setoff and, in effect, wipe out the Plaintiff's claim. Nowhere does the Defendant deny the validity or secured nature of the Plaintiff's claim or question the amount of the claim.

It is true that in any action for relief from the automatic stay, the validity, amount and secured nature of the claim of the moving creditor are fundamental questions. *See Societa Internazionale Turismo, S.p.A. v. Barr (In re Lockwood)*, 14 B.R. 374, 8 BCD 128 (Bkrtcy.E.D.N.Y.1981); *United Companies Financial Corp. v. Brantley*, 6 B.R. 178, 6 BCD 932 (Bkrtcy.N.D.Fla. 1980). However, in this instance, the Court has a proof of claim on file for the Plaintiff in a specific amount and supported by appropriate documentation. This proof of claim is prima facie evidence of the validity and amount of the claim until this presumption is rebutted by a sufficient showing from an objector. *In re Dutch Inn of Orlando, Ltd.*, 2 B.R. 268 (Bkrtcy.M.D.Fla. 1980). In this instance, no contention has been urged which would tend to rebut this presumption of validity. The Defendant's counterclaim directs itself to collateral matters which, if found to be valid, could result in a setoff of the Plaintiff's claim. Affirmative actions or counterclaims such as these, which are not directly related to the specific debt which serves as the basis for the re-

---

1. There does appear to be some question as to whether the Plaintiff has a valid security interest to certain of the Defendant's vehicles, but its validity in general does not appear to be questioned.

quest for relief, are not appropriate for consideration in an action for relief from the automatic stay. *Vastola v. Milks*, 14 B.R. 15 (W.D.N.Y.1981); *Hoyt, Inc. v. Born (In re Born)*, 10 B.R. 43, 7 BCD 313 (Bkrtcy. S.D.Tex.1981); *Brantley, supra.*

Secondly, it must be noted that automatic stay litigation is primarily protection for the interests of secured creditors which Congress felt was essential to properly balance the competing interests which are inherent in any bankruptcy. Safeguards to protect a debtor's chances at reorganization or the estate's interest in property were built into the sections concerning relief from the automatic stay. Conditioned by these safeguards, a secured claimant is entitled to either adequate protection of its interest or relief from the automatic stay to enforce its interest.

The Plaintiff has a secured interest which is entitled to these protections given by the Code. Even if the Defendant's counterclaim is valid, the secured interest of the Plaintiff must be protected by the Court until a final nonappealable judgment has been entered in favor of the Defendant on its counterclaim. *In re Born, supra; Lincoln Bank v. High Sky, Inc. (In re High Sky, Inc.)*, 15 B.R. 332, 4 C.B.C.2d 1290, 1296 (Bkrtcy.M.D.Pa.1981).

In an instance such as this, where the damages sought are large, the appellate process could continue for years, with the Plaintiff's rights theoretically being held in abeyance until the end.

Finally, it must be noted that the Defendant has requested a jury trial on all issues. The Defendant's counterclaim involves complex matters. It involves matters of contract and tort and the bad faith of the Plaintiff. It also seeks an award of punitive damages. All of these questions are appropriate for jury determination. The discovery and preparation necessary to present such complex litigation to a jury could take months. This is the very sort of litigation which the strict time limits imposed on automatic stay litigation are designed to avoid.

In conclusion, Fed.R.Civ.P. 42(b) is applicable to this proceeding through Bankruptcy Rules 742 and 701, Rules Bankr.Proc. Rules 742, 701, 11 U.S.C.A. (West 1977). Hence, this Court has the discretion to sever the Defendant's counterclaim. *In re Born*, 10 B.R. at 49–50. In the interest of judicial economy and the furtherance of justice, the Court must order the Defendant's counterclaim severed and tried separately from the Plaintiff's request for relief from the automatic stay.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the counterclaim of the Defendant is hereby severed for separate trial;

IT IS FURTHER ORDERED that a pretrial conference on the Defendant's counterclaim is hereby scheduled for the 8th day of July, 1982, at 9:30 a. m., in Room 124, United States Courthouse, 475 Mulberry Street, Macon, Georgia;

IT IS FURTHER ORDERED that this order be entered on the Docket on the date set out below.