In re Henry T. COSBY, Shirley T. Cosby, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Henry Thomas COSBY and Shirley Cosby, and James O'Connell, Trustee, Defendants.

Bankruptcy No. 82–00392G.
Adv. No. 82–1088G.

United States Bankruptcy Court, E. D. Pennsylvania.

Aug. 23, 1982.

Joseph A. Goldbeck, Jr., Philadelphia, Pa., for plaintiff, Federal Nat. Mortgage Ass'n.

Irv Ackelsberg, Philadelphia, Pa., for the debtors/defendants, Henry Thomas Cosby and Shirley Cosby.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issues at bench are: (1) whether an attorney's fee of $200.00, incurred by a mortgagee to compensate said attorney for having filed a complaint seeking relief from an automatic stay as a result of the debtor's default on post-petition mortgage payments is reasonable; (2) whether inspection costs incurred by said mortgagee in the amount of $40.00 as a result of the debtor's said default is reasonable; and (3) whether the modification of a stay can be conditioned on

the payment of such reasonable counsel fees and inspection costs. We conclude that both the $200.00 in attorney fees and the $40.00 in inspection costs are not unreasonable under the facts of this case. We further conclude that the modification of the automatic stay may be conditioned on the payment of such reasonable attorney's fees and other costs as may be allowed by the court.

The facts of the instant case are as follows:[1] On January 29, 1982, Henry and Shirley Cosby ("the debtors") filed a petition under chapter 13 of the Bankruptcy Code ("the Code"). Prior thereto, the debtors had executed a mortgage to the Federal National Mortgage Association ("Federal") on property which the debtors owned at 3640 N. Percy Street, Philadelphia, Pennsylvania, 19140 ("the mortgaged premises"). Federal had instituted mortgage foreclosure proceedings on the mortgage because the debtors had failed to make the monthly mortgage payments pursuant to the terms of the mortgage, but the mortgage foreclosure proceedings were stayed by the filing of the chapter 13 petition.

Thereafter, the debtors defaulted on the post-petition mortgage payments. Consequently, pursuant to sections 362(a) and (e) of the Code, Federal filed a complaint for relief from the automatic stay in order to proceed with its mortgage foreclosure on the mortgaged premises. Subsequent to the filing of the complaint, the debtors tendered to Federal a sum of money sufficient to cover the post-petition mortgage arrearages, but not sufficient to cover Federal's expenditures for counsel fees ($200.00) and property inspections ($40.00) incurred because of the debtors' default on the post-petition mortgage payments.

The debtors expressed a willingness to pay Federal the amount presently in controversy subject to a determination by this court concerning the reasonableness of the fees and costs requested (N.T. 3). Argument was heard before this court for the

1. The opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

sole purpose of determining the reasonableness of the demanded counsel fees and costs. We conclude that the demanded fees and costs are reasonable.

Rule 219(c)(1) of the Rules of Bankruptcy Procedure provides that:

(c) Factors in Allowing Compensation.

(1) General. The compensation allowable by the court to a trustee, receiver, marshal, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances the court shall give due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors.

*See, Rules of Bankruptcy Procedure*, Rule 219(c)(1), 11 U.S.C.

The hallmark case on the issue of fees in bankruptcy cases in this circuit is *In Re Meade Land & Development Co., Inc.*, 527 F.2d 280 (3d Cir. 1975). *See also Matter of Meade Land & Development Co., Inc.*, 577 F.2d 858 (3d Cir. 1978). Although this court is cognizant of the obligations imposed upon the bankruptcy court by the above-mentioned decisions, we conclude, and counsel for the debtors agrees (N.T. 13), that the *Meade* cases cited above are not controlling in the case at bench.

▇▇▇ We take notice of the fact that work done by counsel for the mortgagee at the outset of foreclosure proceedings is, more or less, routine. When debtors fail to meet their mortgage payments subsequent to filing of a bankruptcy petition, the attorney representing the mortgagee has adequate cause to file a complaint for relief from the automatic stay. The fact that a procedure may be standard or routine will not relieve the court of its independent obligation to determine the reasonableness of the demanded fees and costs. However, it is necessary to point out that the *Meade* cases, *supra*, did not involve matters of routine or standard procedure. On the contrary, the *Meade* cases stand for the proposition that attorneys for the receiver and trustee who assist in the administration of a bankrupt estate, cannot be compensated without adequate explanation and documentation of services rendered. In the present case, we are not dealing with fees and costs sustained by attorneys who participated in the administration and distribution of a bankrupt estate. Rather, the fee and costs presently in controversy were incurred by a mortgagee who filed a complaint for relief from an automatic stay on account of the debtors' default on post-petition mortgage payments. This is a case where the production of records to substantiate fees and costs is unnecessary since the matter in issue is routine and the production of any relevant records, if they exist, would be of little assistance to the court's determination. Furthermore, the Third Circuit, in *Meade, supra*, 527 F.2d at 283 n.3, stated that:

We recognize that counsel may be expected to perform legal services in the wrap-up of the proceedings after the date their application for compensation is considered by the court. As to such services we realize that only an estimate of time can be given. We think the Bankruptcy Judge can include compensation for such future services so long as he finds the estimates of time are reasonable.

Likewise, we think that the bankruptcy judge can determine the reasonableness of legal services performed in filing a complaint for modification of the automatic stay.

▇▇▇ In any event, counsel for the mortgagee presented evidence regarding the requested $200.00 attorney's fee. Counsel stated that when he received the request from the mortgagee to file a complaint for relief from the stay he had to: (1) review the forwarding letter and the file; (2) personally check the docket; (3) determine whether or not to file a complaint for relief; (4) draft the complaint; (5) file the complaint, together with all the accompanying legal documents and other papers; (6) arrange for the complaint to be served on the debtor, debtor's counsel and the trustee; and (7) negotiate with opposing counsel on various matters prior to the hearing date

(N.T. 18, 19). Therefore, taking these services into consideration and relying on our own knowledge of the minimum time consumed in performing these acts, we conclude that the requested attorney fee of $200.00 is reasonable under the facts of the present case. With respect to the reimbursement of the requested inspection costs of $40.00, we further conclude that such inspections were a reasonable precaution usually taken by the mortgagee in light of the fact that the debtors had defaulted on their post-petition mortgage payments. Accordingly, an appropriate order will be entered awarding plaintiff the requested reimbursement of the attorney's fee and inspection costs.