In re Margaret STIVERS, Debtor.

William H. BRYCE, Plaintiff,

v.

Margaret STIVERS, Defendant.

Bankruptcy No. 4–82–0571H.
Adv. No. 4–82–0295AH.

United States Bankruptcy Court,
N.D. California.

June 15, 1983.

Dave M. McGraw, Alvarado, Rus & McClellan, Walnut Creek, Cal., for plaintiff.

Robert A. Huddleston, Huddleston & Wetherell, Oakland, Cal., Gregory L. McCoy, Thiessen, Gagen & McCoy, Danville, Cal., for debtor, defendant.

## MEMORANDUM FOR ORDER DENYING INTERVENTION

ROBERT L. HUGHES, Bankruptcy Judge.

Petitioner Diablo Bank made a post-judgment motion in April 1983 to intervene in an adversary proceeding seeking relief from stay. The proceeding had concluded in an order lifting the stay entered in July 1982. The motion is denied.

The motion for intervention raises several questions, the most important of which is whether (and to what extent) the automatic stay provided by 11 U.S.C. § 362(a) operates in favor of junior lienholders. I conclude that the automatic stay operates in favor of debtors and estates (represented by trustees and debtors-in-possession) only and that it gives junior lienholders and other parties interested in the property affected by the automatic stay no substantive or procedural rights.

## I

Debtor, Margaret Stivers, filed a Chapter 11 petition in February 1982. The petition stayed the foreclosure sale which had been noticed for her property at 180 Thorup Lane, San Ramon, California. Debtor was in arrears with the payments on two deeds of trust on the property, the second deed of $76,600 held by William Bryce, and the third deed of $34,500 held by Diablo Bank. The foreclosure had been noticed by Mr. Bryce.

Mr. Bryce filed a complaint for relief from stay in March 1982. On July 5, 1982 the court entered an order continuing the stay until November 22, 1982. After the stay expired, the foreclosure sale was held on December 1, 1982, and the property was bought by the highest bidder, Mr. Bryce. The sale allegedly extinguished Diablo Bank's third deed of trust.

On April 5, 1983 the bank filed this motion to intervene and to set aside the order and the foreclosure sale. The motion is opposed by the plaintiff in the adversary proceeding, Mr. Bryce.

## II

It is thus apparent that the Bank seeks separate and distinct objectives: first, it seeks to intervene; second, it seeks an order setting aside the July 5, 1982 order of this court; third, it seeks an order setting aside the foreclosure sale of December 1, 1982.

## A

■ Bank has advanced no theory upon which this court could interfere with the foreclosure sale. Although it .alleges that plaintiff Bryce "by stealth and concealment in contravention of the policy of the Bankruptcy Act [sic] seeks to retain a windfall resulting from plaintiff's foreclosure of real property to the detriment of creditors of the debtor and the debtor's estate," it cites no set of facts nor provisions of state law that would justify this relief. For instance, there is no allegation that the sale was not conducted in accordance with applicable state law, or that the sale involved a fraud against the bank. The bankruptcy court does not have authority to set aside a valid foreclosure sale. *In re Herrera,* 23 B.R. 796 (9th Cir.Bkrtcy.App.1982), 10 B.C.D. 79, *In re Shaw,* 16 B.R. 875, 8 BCD 952, 5 CBC2d 1522 (9th Cir.Bkrtcy.App.1982).

## B

■ Nor has the bank demonstrated how or why this court has power to vacate the order of July 5, 1982 which had been final for more than eight months when the bank filed its motion to intervene. At most, its authorities stand for the proposition that one who is not a party to an action that has gone to judgment has a right to intervene in that action for the purpose of vindicating or protecting a substantive right that party has. None of the cases cited (as I understand them) hold that a final order may be collaterally attacked as it affects the original parties.

This point is particularly important because the July 5, 1982 judgment was entered by stipulation of the plaintiff (Bryce) and the defendant debtor. Absent fraud practiced by one of the parties to the stipulated judgment or the other, I perceive no basis for permitting the debtor to set aside that judgment *as between the parties.* Clearly, the debtor could not successfully attack the judgment she stipulated to.

None of the cases cited by the bank, so far as I can tell, stand for the proposition that the bank has rights superior to that of the debtor, i.e., that the bank has the right to set aside a judgment that the debtor could not. The bank may have a right to intervene or join the litigation in order to establish or to protect a legally recognized interest of the bank but it cannot, as I see it, disturb the prior judgment.

Thus, to the extent that it seeks to overturn the July 5, 1982 judgment by collateral attack, my ruling is the same today as when the motion was heard in court: the judgment is long since final and is not subject to direct or indirect attack.

## C

■ The question comes down to whether the bank has the right to intervene.

Intervention is by right, F.R.C.P. 24(a), or by leave of court, F.R.C.P. 24(b). It seems clear that the bank does not have an absolute right to intervene.

The bank relies on F.R.C.P. 24(a)(2), which provides for intervention by right "when the applicant claims an interest relating to the property or transaction which is the subject of the action *and* he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest." (Emphasis added). Thus both parts of the provision must be met.

The action here related not to property but to a stay of foreclosure of an interest in property. 11 U.S.C. § 362(a). In particular, the action sought relief from stay. 11 U.S.C. § 362(d). The bank's claim of interest in the real property is therefore not relevant. Its claim of interest in the transaction—in Bryce's request for relief from stay—is unsupported in law. Section 362(a) by its express terms creates a stay in favor of the debtor and of the trustee. Not even a strained reading of that subsection or of the balance of section 362 suggests that the stay operates in favor of the bank, which held a third deed of trust, and against Bryce, who held a second deed of trust.

The bank confuses its practical interest in the stay, which undoubtedly exists, with a legal interest, which does not. Since it has no legally recognizable interest in the transaction—the stay—(except to request its own relief from stay in favor of the debtor), the bank cannot invoke part one of F.R.C.P. 24(a)(2).

The bank also fails as to the second part because the disposition of the relief from stay action brought by Bryce could not "impair or impede [the bank's] ability to protect that interest." As demonstrated, the bank's only legally recognizable interests were (1) to obtain relief from stay, 11 U.S.C. § 362(d), and (2) to protect its third deed of trust in the debtor's property. Bryce's relief-from-stay action could not as a matter of law impede or impair the bank's right to bring its own request for relief from stay, and the bank alleges nothing that suggests any interference in fact.

Likewise, the stipulated judgment in and of itself could not impair or impede the bank's ability to protect its lien in the debtor's real property in the absence of fraud or the like. When the debtor filed bankruptcy on February 19, 1982 and triggered the automatic stay, both the bank and Bryce had recorded notices of default and Bryce had proceeded under California law to give notice of a trustee's sale under his deed of trust for March 12, 1982. The bank does not allege that it was not given notice of this sale, the absence of which would not doubt afford grounds for setting aside the sale under state law. Thus, except for bankruptcy and its automatic stay, the only rights the bank had were to satisfy Bryce's note or to bid at Bryce's foreclosure sale.

The effect of the stay, therefore, was to hold up Bryce's foreclosure sale and the effect of the stipulated judgment was to remove the stay some eight or nine months later. Neither the stay nor the stipulated judgment deprived the bank of the rights it had on February 19, 1982, i.e., the rights to pay off Bryce or to bid at the sale. (The bank does assert that it did not know of the sale that took place on December 1, 1982, but apparently this was due to its failure to keep itself informed of the various continuances Bryce announced from time to time while the stay was still in effect).

I conclude that the bank is unable to invoke either part of F.R.C.P. 24(a)(2).

This leaves us with intervention as a matter of discretion. Even if I were to consider such a motion seriously were it brought before the stipulated judgment, I see no point in granting leave to intervene at this late date. (For this reason, I need not discuss *In re Cloud Nine, Ltd.,* 3 B.R. 199, 6 BCD 26 (Bkrtcy D.N.M.1980), a discretionary intervention case where the motion was made prior to judgment.)

Counsel for Bryce is directed to prepare, serve and lodge a form of order denying the motions to intervene, to set aside the stipulated order and to set aside the foreclosure sale.