Jane H. BROWNING, Individually and as Co-Independent Executrix of the Estate of William W. Browning, Jr., Deceased, et al., Plaintiffs,

v.

Don NAVARRO, Individually and as Trustee For Pat S. Holloway, et al., Defendants.

Civ. A. No. 3–83–0380–H.

United States District Court, N.D. Texas, Dallas Division.

Dec. 5, 1983.

202

Michael W. Anglin, Passman, Jones, Andrews, Holley & Co., Dallas, Tex., Lenard M. Parkins, Sheinfeld, Maley & Kay, Hous-

ton, Tex., R. Jack Ayres, Jr., Dallas, Tex., for plaintiffs.

Timothy J. Vineyard, Hunter, Vineyard, Drake & Miller, Dallas, Tex., for defendant Navarro.

## MEMORANDUM OPINION AND ORDER

SANDERS, District Judge.

This case is before the Court on Plaintiffs' Motion for Partial Summary Judgment, Brief and Appendices in Support, filed June 23, 1983; Trustee's Response, Trustee's Motion for Summary Judgment, Brief, and Evidence, filed August 2, 1983; Pat Holloway's Response, Motion for Partial Summary Judgment, and Brief, filed August 2, 1983; Plaintiffs' Reply and Response, filed August 22, 1983; Trustee's Brief in Response, filed September 13, 1983; Pat Holloway's Reply, filed September 27, 1983; Plaintiffs' Final Reply, filed October 5, 1983; and Trustee's Reply, filed October 14, 1983.

### Factual Background

On September 12, 1979, the Plaintiffs ("Brownings") initiated a suit against Humble Exploration Co., Inc. ("Humble"), Pat Holloway ("Holloway") and others in the 193rd Judicial District Court of Dallas County, Texas. This case was styled *Jane H. Browning, et al. v. Pat S. Holloway, et al.,* Cause No. 79–9623–L, hereinafter referred to as the "1979 case" or the "state court case". (Plaintiffs' Appendix A, Item 1; Trustee's Exhibit 1). In the state court case, the Brownings claimed, *inter alia,* that they were equitable owners of substantially all the assets of Humble and Holloway. Specifically, the Brownings sought to impose a constructive trust on the state court defendants' assets, to collect actual and exemplary damages, and to appoint an interim receiver.

On November 19, 1979, Humble and Holloway filed voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code. The petitions were assigned bankruptcy numbers BK 379–

00664–G and BK 379–00665–G respectively. (Trustee's Exhibits 2 and 3).

On November 21, 1979, the Brownings initiated a suit against Sterling Pipeline Company in the 191st Judicial District Court of Dallas County, Texas. This case was styled *Jane Browning, et al. v. Sterling Pipeline Company,* Cause No. 79–12292–J. (Trustee's Exhibit 4). In the *Sterling* case, the Brownings alleged that Sterling was a wholly owned subsidiary of Humble, or, alternatively, controlled by Holloway, and that Sterling Pipeline Company was subject to the constructive trust sought by the Brownings in the initial 1979 state court case.

On November 19, 1979, Humble and Holloway removed the state court cases to the bankruptcy court pursuant to 28 U.S.C. § 1478(a). (Trustee's Exhibit 6).

On January 18, 1980, the Bankruptcy Court entered its "Order Remanding Causes of Action and Modifying Automatic Stay". (Plaintiffs' Appendix A, Item 8; Trustee's Exhibit 10). The Bankruptcy Court's Order specifically provides that:

> Cause No. 79–9623–L, styled *Jane Browning, et al. v. Pat S. Holloway, et al.,* and Cause No. 79–12292–J/L, styled *Jane Browning, et al. v. Sterling Pipeline Company,* be and hereby are remanded to the 193rd Judicial District Court of Dallas County, Texas, pursuant to the terms set out in the annexed Stipulation and Agreement as amended; and it is further ORDERED, ADJUDGED AND DECREED that the automatic stay provisions of Section 362 of the Bankruptcy Code are modified so as to permit the remand of said causes of action and the trial of same pursuant to the terms of the annexed Stipulation and Agreement as amended.

The document annexed to the Bankruptcy Court's Order is entitled "Stipulation and Agreement on Manner in Which Controversy Shall Be Heard, Determined and Liquidated", and paragraphs one and two thereof specifically provide that:

> 1. Upon the approval of this Stipulation and Agreement, cause No. 79–9723–L

styled *Jane Browning, et al. v. Pat S. Holloway, et al.,* in the 193rd Judicial District Court of Dallas County, Texas and Cause No. 79–12292–J/L in the 193rd Judicial District Court of Dallas County, Texas, styled *Browning, et al. v. Sterling Pipeline Company* shall be remanded for trial by the Bankruptcy Court to the 193rd District Court of Dallas County, Texas.

2. The BROWNING INTERESTS and Debtors shall then file an agreed motion in the 193rd Judicial District Court to consolidate cause No. 79–12292–J/L with cause No. 79–9623–L, so that upon consolidation the surviving consolidated cause shall be cause No. 79–9623–L. Upon the Court's signing of the order consolidating the said causes, the parties will then present a joint motion to the Judge of the 193rd District Court asking him to request of the Honorable Paul Peurifoy in his capacity as Presiding Judge of the First Administrative Judicial District that he assign a retired state court district judge or, in the alternative, a visiting state court district judge or a retired judge of the court of civil appeals agreed to by the parties, to hear this consolidated cause and all motions and other matters in conjunction therewith.

Paragraph 3 of the annexed Stipulation provides that:

3. The order of the Bankruptcy Court remanding said consolidated cause to the state court for trial shall recite that such remand is conditional upon and shall only take effect upon the final assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above. In the event that the BROWNING INTERESTS and Debtors are unable to obtain the assignment of said consolidated cause as prescribed in paragraphs 1 and 2 above, then in that event, the remand of said consolidated cause shall not take effect and the Bankruptcy Court shall retain jurisdiction over said cause which shall proceed to trial in the Bankruptcy Court before a jury.

Following remand, the two state court cases, Cause No. 79–9623–L and Cause 79–12292–J were consolidated as Cause No. 79–9623–L. (Trustee's Exhibit 5). On the same day, January 21, 1980, Judge Hugh Snodgrass of the 193rd District Court entered an "Order to Appoint Retired District Judge", which requested Presiding Judge Peurifoy to assign Cause No. 79–9623–L to a retired District Judge, (Trustee's Exhibit 11); the case was assigned by Judge Peurifoy to Judge Charles E. Long, a retired state district judge. Judge Long promptly ordered that a prior settlement agreement between the parties to the state court case be enforced. On appeal, the Court of Civil Appeals of Texas, Dallas, reversed and remanded the case for jury trial. *Browning v. Holloway,* 620 S.W.2d 611 (Tex.Civ.App.—Dallas), writ ref'd n.r.e. per curiam, 626 S.W.2d 485 (Tex.1981).

Upon remand for trial, the case, *viz.* No. 79–9623–L, was assigned to Judge Fred Harless, a retired state district judge. Judge Harless ordered a separate trial on the settlement agreement and entered an instructed verdict for the Brownings that the prior settlement agreement was unenforceable and directed that the case proceed to trial on the merits. (Plaintiffs' Appendix A, Item 10; Trustee's Exhibit 12).

On May 27, 1982, a lawsuit was filed in Judge Dee Brown Walker's 162nd Judicial District Court of Dallas County, Texas; styled *Fairway Land Company, et al. v. Humble Exploration Company, Inc., et al.,* Cause No. 82–5742–I (hereinafter called the "*Fairway*" case or the "1982 case"). (Plaintiffs' Appendix A, Item 11; Trustee's Exhibit 13). The plaintiffs in the *Fairway* case were investors who claimed that Holloway and Humble wrongfully shut-in some 151 producing oil and gas wells jointly owned by the investors and Humble. The *Fairway* plaintiffs also wanted the state court to appoint a receiver for Humble's assets. The Brownings were named as defendants in the *Fairway* case since they

claimed to own some interest in Humble's property.

On May 28, 1982, Humble filed a complaint in Bankruptcy Court to invoke the automatic stay and enforce the portion of the Bankruptcy Court's January 1980 Order which forbade appointing a receiver over Humble's assets. (Plaintiffs' Appendix A, Item 13; Trustee's Exhibit 15). Also on May 28, 1982, a receivership was imposed by the 162nd District Court on the assets of Humble and Holloway in the *Fairway* case. (Plaintiffs' Appendix A., Item 17).

On June 4, 1982, the Bankruptcy Court entered its Order of Abstention and Dismissal of Adversary Proceeding, specifically stating:

ORDERED, ADJUDGED AND DECREED (1) that this Court abstains in favor of the courts of the State of Texas with regard to the litigation now pending as Cause No. 82–5742–I in the 162nd District Court and with regard to all disputes relating to the issues raised in such litigation, including disputes or claims relating to any alleged breaches of Stipulations and Agreements heretofore approved and confirmed by this Bankruptcy Court by reason of or relating to such litigation; (2) that this Court expressly disassociates itself from the appointment of any Receiver appointed by the State Court, from his accountant or any of his employees, and all of the responsibility for their actions or failures to act in the proper administration of the properties of the parties shall be the sole responsibility of the State Court; (3) that the relief sought in Debtor's Complaint be denied without further action; and (4) that this Adversary Proceeding be and hereby is dismissed.

(Plaintiffs' Appendix A, Item 16; Trustee's Exhibit 16).

There then ensued a somewhat dizzying sequence of state court orders. On June 7, 1982, Holloway and Humble filed a motion in the 193rd District Court where the 1979 case was pending before retired Judge Harless to consolidate that case (Cause No. 79–9263–L) and the *Fairway* case (Cause No. 82–5742–I) before Judge Harless. On June 8, 1982, the receiver appointed by the 162nd District Court in the *Fairway* case moved to consolidate the same two cases before Judge Dee Brown Walker in the 162nd District Court. In support of his motion to consolidate, the receiver cited Article 7.07(E) of the Texas Business Corporation Act, which provides:

E. A court authorized to appoint a receiver for a corporation to which this Act applies, and no other court in this State, shall be authorized to appoint a receiver for the corporation or its assets and business; when such a court does appoint a receiver, as authorized by this Act, for the corporation or its assets and business, that court shall have exclusive jurisdiction of the corporation and all its properties, wherever situated.

On June 10, 1982, Judge Snodgrass entered an order in the 1979 case transferring that case from the 193rd District Court and retired Judge Harless to Judge Walker's 162nd District Court. (Plaintiffs' Appendix A, Item 20; Trustee's Exhibit 17). Also on June 10, 1982, Judge Walker of the 162nd District Court entered an order in the *Fairway* case consolidating the 1979 case and the *Fairway* case. (Plaintiffs' Appendix A, Item 20; Trustee's Exhibit 18).

On June 11, 1982, Judge Mead, the presiding judge of the Dallas County District Courts, entered an order declaring the June 10 orders of the 193rd and 162nd District Courts to be void and of no effect. (Plaintiffs' Appendix A, Item 23; Trustee's Exhibit 19). Also on June 11, 1982, Judges Snodgrass and Walker, of the 193rd and 162nd District Courts respectively, entered a joint order requiring the 1979 case and the *Fairway* case to be tried before Judge Walker. (Plaintiffs' Appendix A, Item 21; Trustee's Exhibit 20). Neither Judge Snodgrass or Judge Walker was a retired or visiting judge at any time relevant to this controversy.

On June 12, 1982, Judge Dan Gibbs, presiding judge of the Dallas County District Courts entered an order vacating Judge

Mead's June 11, 1982, Order. (Plaintiffs' Appendix A, Item 25; Trustee's Exhibit 21).

On June 24, Judge Walker granted the Brownings' request for an expedited trial of the 1979 case and jury trial began twelve days later, on July 6, 1982. Judgments were entered on August 26, 1982, and November 11, 1982, in the 1979 case.

On October 5, 1982, the Bankruptcy Court enjoined the state court receiver from carrying out the state court judgment until the judgment became final. (Plaintiffs' Appendix A, Item 35; Trustee's Exhibit 30). On October 12, Holloway converted his personal Chapter 11 proceeding to a Chapter 7 proceeding, which resulted in the appointment of a trustee in both the Humble and Holloway proceedings. (Plaintiffs' Appendix A, Items 36 and 37; Trustee's Exhibits 31, 32 and 33).

The Brownings have made demand upon the Trustee, Don Navarro, for the immediate turnover of all assets of Holloway and Humble to satisfy the state court judgment. The Trustee has refused to comply with the Brownings' demands. The Brownings filed this suit on March 2, 1983.

### Contentions of the Parties

The Brownings advance several theories in support of their motion for partial summary judgment and in opposition to the Trustee's summary judgment motion. As stated in the Brownings' pleadings, the grounds for their motion are as follows:

FIRST GROUND: The bankruptcy court and its Trustee have no jurisdiction over the property and assets in question because the bankruptcy court had no subject matter jurisdiction over the parties after the remand order since such "jurisdiction" was based solely and exclusively upon an agreement or stipulation of the parties.

SECOND GROUND: The bankruptcy court and its Trustee have no jurisdiction of this cause by virtue of the Remand Order of January 18, 1980 and the Abstention Order and Dismissal of Adversary Proceeding of June 4, 1982.

THIRD GROUND: The bankruptcy court and its Trustee have no jurisdiction over the property of the Browning Interests since such assets are not property of the estate of the debtor within the meaning of 11 U.S.C., Sec. 541(a) (1979).

FOURTH GROUND: If the bankruptcy court and its Trustee have any jurisdiction to maintain possession of or administer property adjudicated as belonging to the Browning Interests, they must comply with applicable state law during the pendency of a state court appeal or relinquish possession of the property.

FIFTH GROUND: Assuming the bankruptcy court and its Trustee retain some jurisdiction to possess or administer the property of the Browning Interests and that the bankruptcy court and its Trustee would not otherwise be required to comply with state law during the pendency of a state court appeal, the bankruptcy court and its Trustee are nonetheless contractually obligated to post supersedeas or turn the property over forthwith.

(Plaintiffs' Motion at 3–4).

In support of his Motion for Summary Judgment, and in opposition to Plaintiffs' Motion, the Trustee advances the following arguments:

1. The Bankruptcy Court's jurisdiction over enforcement of the state court judgment was not conferred by agreement of the parties but was retained by agreement of the parties and effected through the Order of Remand . . . .

2. The Remand Order reserved jurisdiction in the Bankruptcy Court; the Abstention Order applies to another lawsuit; and the Injunction is valid and binding upon the Plaintiffs . . . .

3. Whether the property in dispute is property of the estate is irrelevant to the issue of Bankruptcy Court jurisdiction; the Bankruptcy Court had jurisdiction over disputes involving the title to property claimed by the debtors, since such proceedings were related to the Title 11 cases . . . .

4. The Plaintiffs are not entitled to insist upon the Trustee's compliance with certain legal requirements regarding enforcement of the Judgment . . . .

5. The state court judgment is void and, therefore, unenforceable.

(Trustee's Brief).

### Jurisdiction

As an initial matter, the Court takes notice of the fact that all actions of the courts and parties, as they relate to the motions for summary judgment, were taken prior to December 24, 1982—the final day of the stay of the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Accordingly, prior orders and jurisdiction of the Bankruptcy Court in this case are not affected by the *Marathon* decision.

The Court has power to hear this case pursuant to 28 U.S.C. § 1471, granting original jurisdiction to the district courts to hear all matters and proceedings in bankruptcy. Plaintiffs bring this action to correct alleged wrongdoings by the Defendants in violation of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* Plaintiffs also demand a jury trial. Specifically, the Brownings allege that the Trustee, Don Navarro, has violated his obligation as a trustee under 11 U.S.C. § 704 and 28 U.S.C. § 959(b).

### The January 18, 1980 Order

The Brownings initially attack the Bankruptcy Court's January 18, 1980, remand order. Section 1478 of Title 28, U.S.C. provides that:

(a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

This section is applicable for the period from November 6, 1978, to April 1, 1984, by operation of Public Law 95–598, Title IV, § 405(b). The legislative history of section 1478(b) in no way limits the Bankruptcy Court's authority to remand. The Senate Report provides that:

Subsection (b) permits the court in which a claim or cause of action has been removed to remand the claim or cause of action on any equitable ground. An order of the bankruptcy judge remanding a claim or cause of action is not reviewable by appeal or otherwise.

S.Rep. No. 95–989, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Ad. News 5787, 5942.

The House Report similarly provides that:

Subsection (b) permits the court to which the case is removed to remand the claim or cause of action removed on any equitable ground. A remand order is made unreviewable.

H.Rep. No. 95–595, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Ad. News 5963, 6403. Congress granted broad power to the bankruptcy courts to remand cases on any equitable ground. The legislative history in no way limits this remand power. Also notably absent from the statute is the requirement that the court can only remand when it discovers it lacks jurisdiction as is the case for district courts under 28 U.S.C. § 1447. The parties have presented no cases which indicate that 28 U.S.C. § 1478 should not be read as broadly as its language requires. It appears that the removal of the two state court cases, and the subsequent order of remand, *see* page 203 *supra,* is therefore authorized by statute.

■ Section 362 of Title 11, United States Code, imposes an automatic stay of all judicial proceedings against debtors filing petitions in bankruptcy. Section 362(d), however, provides that:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

The legislative history to section 362 sets forth Congress' reasoning in providing for an automatic stay.

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.

House Report 95–595, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Ad. News 5963, 6296–6297. The House Report on the 1978 Bankruptcy Reform Act explains the intended scope of section 362(d).

> Subsection (d) requires the court, on request of a party in interest, to grant relief from the stay, such as by terminat-

ing, annulling, modifying, or conditioning the stay, for cause. The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case . . . . The facts of each request will determine whether relief is appropriate under the circumstances.

*Id.,* at 6300. Section 362(d) commits the decision of whether to alter the automatic stay to the discretion of the bankruptcy judge. *Matter of Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). Thus, the statute and the legislative history indicate that the Bankruptcy Court was to have considerable authority and discretion in fashioning the automatic stay to fit each bankruptcy proceeding.

■ Section 105(a) of Title 11, U.S.Code, provides that "The bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Furthermore, section 1481, Title 28, U.S.Code, provides that "A bankruptcy court shall have the powers of a court of equity, law, and admiralty . . . ." The House Report explains the purpose of section 1481:

> This section gives the bankruptcy court the powers of a court of equity, law, and admiralty. It is the concomitant of the bankruptcy courts increased jurisdiction, and is necessary to enable the bankruptcy court to exercise that jurisdiction and its powers under the bankruptcy code.
>
> It is in addition to any power granted under 28 U.S.C. 1651 (the All Writs Statute) or under section 105 of the bankruptcy code.

H.Report 95–595, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Ad. News, 5963, 6404. Again, in plain terms, Congress grants the bankruptcy court sweeping authority to tailor its orders to meet the needs of bankruptcy proceedings.

■ The Court examines the Bankruptcy Court's remand order in this case in light of these statutes and Congress' purpose and explanations thereof. Congress grants the bankruptcy court broad powers with these statutes. While the parties have extensively addressed the issues in this case, no precedent has been cited to the Court which explains, construes or suggests how these broad issues of the Bankruptcy Court's authority should be interpreted. The Court, after considerable research and reflection, and absent authoritative limiting construction, is bound to give the statutory provisions their full meaning in the context of the Bankruptcy Code. The Court concludes that the Bankruptcy Court's January 18, 1980, order remanding the 1979 state court case and modifying the automatic stay in accordance with, and conditioned upon compliance with, the stipulation and agreement submitted by the parties did not exceed the power of the bankruptcy court. The Court holds that the remand and the modification of the automatic stay were conditioned upon compliance with the stipulation and agreement, and that the stipulation was properly made a part of the remand order.

■ Congress, in enacting section 1478(b), gave the bankruptcy courts the authority to remand "on any equitable ground". Thus, the bankruptcy court is apparently not bound by the District Court's more limited remand powers as set forth in 28 U.S.C. §§ 1447 and 1448. The Court is of the opinion that in this case, the parties' stipulation and agreement as to the way in which the 1979 state court case was to be tried and the judgment, if any, was to be executed, constituted an equitable ground for remand. Furthermore, the Court is also of the opinion that the conditioning of the remand upon compliance with the stipulation and agreement, which was properly made a part of the remand order, was also an equitable ground for remand under the statute.

■ In section 362(d), Congress specifically provides that a bankruptcy court can modify the automatic stay over state court proceedings, and that the bankruptcy court can condition the modification or lifting of the automatic stay. In this case, the Court holds that the Bankruptcy Court did not exceed its authority in conditioning the modification of the automatic stay upon each party's compliance with the stipulation and agreement. *Compare In re Dublin Properties,* 27 B.R. 506, 506–7 (Bkrtcy.E.D. Pa.1983) (modification of automatic stay contingent upon parties' execution of a mortgage note); *In re Cosby,* 22 B.R. 682 (Bkrtcy.Pa.1982) (modification of automatic stay can be conditioned on the debtor's payment of reasonable attorney fees and other costs); *In re Ideal Roofing and Sheet Metal Works,* 9 B.R. 2, 3 (Bkrtcy.S.D.Fla.1980) (parties stipulated to modification of automatic stay to proceed with a state court case brought by the debtor, but involving a counterclaim against the debtor); *In re Patio, Ltd.,* 6 B.R. 518 (Bkrtcy.C.D.Cal.1980) (relief from automatic stay can be conditioned on, among other things, a debtor's turning over rents collected by the debtor).

■ The Court finds further support for the validity and effectiveness of the Bankruptcy Court's remand order in 11 U.S.C. § 105 and 28 U.S.C. § 1481 as set forth above. As a court operating at equity and at law, the Bankruptcy Court had both the authority to remand the 1979 state court case for trial in compliance with the bankruptcy court's order and the authority to condition the modification of the automatic stay upon compliance with the order.

■ The Plaintiffs here argue that even if the Bankruptcy Court's 1980 remand order was proper, the Bankruptcy Court's June 4, 1982, Order of Abstention ended all Bankruptcy Court jurisdiction over the 1979 state court case. However, the face of the Order of Abstention itself answers Plaintiffs' contentions. The Order states:

[T]his court abstains in favor of the courts of the State of Texas with regard to the litigation now pending as Cause No. 82–5742–I in the 162nd District Court [the *Fairway* case] and with regard to all disputes relating to the issues raised in such litigation, including disputes or

claims relating to any alleged breaches of Stipulations and Agreements heretofore approved and confirmed by this Bankruptcy Court by reason of or relating to such litigation . . . .

The Court concludes that the issues raised in the *Fairway* case did not relate to the issues raised in the 1979 state court case for purposes of the Order of Abstention.

Plaintiffs also contend that the transcript of the hearing before the Bankruptcy Court creates some ambiguity as to whether the Order of Abstention also applied to the 1979 state court case. The Court does not agree with Plaintiffs' reading of the transcript; in any event, the Court is of the opinion that any ambiguity in the hearing was laid to rest by the language of the Order of Abstention. Thus, the Court holds that the Bankruptcy Court's June 4, 1982, Order of Abstention did not apply to the 1979 state court case.

■ The remand and modification of the automatic stay having been properly agreed to by the parties, and effectively incorporated into the Order of the Bankruptcy Court, the Court must now examine whether there was compliance with the Bankruptcy Court's Order. The remand order specifically stated that remand was "pursuant to the terms set out in the annexed Stipulation and Agreement . . . ." The order also stated that "the automatic stay provisions of Section 362 of the Bankruptcy Code are modified so as to permit the remand of said causes of action and the trial of same pursuant to the terms of the annexed Stipulation and Agreement as amended." The stipulation and agreement provided that the state court case be assigned to a retired or visiting state district judge, and that the "remand is conditional upon and shall only take effect upon the *final* assignment of" the state court case to a visiting or retired state district judge. (Emphasis added.) Finally, and importantly, the stipulation provides that in "the event that the Browning interests and the Debtors are unable to obtain the assignment [of the 1979 state court case to a visiting or retired state district judge] . . . the remand . . . shall not

take effect and the Bankruptcy Court shall retain jurisdiction over said cause which shall proceed to trial in the Bankruptcy Court before a jury."

There is no dispute that the 1979 state court case was tried before Judge Dee Brown Walker in 1982. It is also undisputed that Judge Walker was neither a retired nor a visiting state district judge when the case was tried before him. Thus, the case was not tried pursuant to the Bankruptcy Court's valid January 18, 1980 Order, and was conducted in violation of the automatic stay of 11 U.S.C. § 362.

Accordingly, all proceedings before Judge Walker in the 1979 state court case, Cause No. 79–9623–L, styled *Jane Browning, et al. v. Pat S. Holloway, et al.,* are void.

The Court expresses no opinion whatsoever on the merits of the Brownings' claims. However, this Court is required by law to determine the scope and effect of federal statutes. This responsibility is not undertaken lightly. State court proceedings, regardless of their merit, which are taken in violation of the Congressionally mandated automatic stay in bankruptcy proceedings are void and without effect. *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (5th Cir.1982) (*see also* cases cited therein).

Having determined that the state court proceedings in the 162nd District Court are void, the Court does not need to address the Plaintiffs' remaining arguments. There being no further support for Plaintiffs' Motion for Partial Summary Judgment, the motion is hereby DENIED. As the state court proceedings are void as a matter of law and there being no genuine issues of material fact, Defendant Trustee's Motion for Summary Judgment is hereby GRANTED.

All pending motions to intervene are hereby DENIED. Any and all other relief sought by any party hereto and not herein granted is DENIED.

The Trustee will promptly submit a proposed Judgment for entry.

SO ORDERED.