BREYER, Circuit Judge.
 

 The appellees, Sr. and Sra. Cruz, apparently now live in a house they agreed to buy from Sr. and Sra. Lopez, who subsequently filed for bankruptcy. The appellant, Superior Paint Manufacturing Co., Inc. (“Superior”), holds a third mortgage on the house. Superior, wishing to foreclose that mortgage in a Commonwealth court, asked the federal bankruptcy court to lift the “automatic stay” that currently prohibits any such Commonwealth court action. 11 U.S.C. § 362(d). The Cruz’s sought to intervene in the bankruptcy court’s “stay lifting” proceeding in order to argue against its being lifted. The bankruptcy court refused to allow their intervention. But, the district court reversed the bankruptcy court on this procedural matter. And, Superior now appeals this district court order to us. We conclude that the district court was legally correct; and we affirm its decision allowing the Cruz’s intervention.
 

 1. To understand the legal issue raised on this appeal, one must keep in mind the following three statutory provisions. Bankruptcy Act section 362(a) provides that “a petition” for bankruptcy when filed “operates as a stay” of a wide range of nonbankruptcy court actions. 11 U.S.C. § 362(a). The stay gives a “breathing spell” to the debtor and “also provides creditor protection” by stopping “all collection efforts, all harassment, and all foreclosure actions.” H.R. Rep. No. 595, 95th Cong.2d Sess.,
 
 reprinted in
 
 [1978] U.S. Code Cong. & Admin.News 5963, 6296-97:
 

 Bankruptcy Act section 362(d) sets forth circumstances in which a person harmed by the stay can with relative speed have the stay lifted. It provides:
 

 On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ..., such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property ..., if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.
 

 11 U.S.C. § 362(d).
 

 Fed.R.Civ.P. 24(a), made applicable to bankruptcy proceedings by Rule 7024 of the Bankruptcy Rules, governs intervention. It provides in relevant part:
 

 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.
 

 The legal issue before us is whether Rule 24(a) requires the bankruptcy court to allow intervention in a § 362(d) “stay lifting” proceeding — under the rather unusual factual circumstances that appellees claim are present here. These circumstances al
 
 *26
 
 legedly include the following: a) The appel-lees entered into a contract to buy the house from the Lopez’s for $150,000, but they did not record the contract, nor has title passed, b) They have paid the Lopez’s $15,000; they have made $27,000 worth of improvements to the property; they live in the house; and they presumably are making at least some of the mortgage payments. c) The house is worth less than the sum owed on the first two mortgages; thus, Superior’s third mortgage on' the house, measured against the collateral, is worthless, d) The threat of a Commonwealth court action could force the Cruz’s to pay Superior a sum over and above the fair market value of the house in order to avoid added court costs and possible eviction.
 

 2. In our view, these allegations, which find plausible support in the record, show a right to intervene for the following reasons. First, these allegations, if proved, provide the bankruptcy court with a legally sufficient basis for turning down Superi- or’s request to lift the stay. Even if we assume that the debtors (the Lopez’s) themselves have no equity in the property, the bankruptcy judge under § 362(d) can keep the stay in place if he properly determines
 
 both
 
 of the following: 1) there is no “cause” to lift the stay; it does not, for example, deprive Superior of “adequate protection”; and 2) the “property is ... necessary to an effective reorganization.” 11 U.S.C. § 362(d). The Cruz’s can make a strong argument that both these conditions are satisfied.
 

 As to the first, they point out that the first two mortgages exhaust the property’s value. It is well established that in such circumstances a bankruptcy court will often treat a lienholder essentially like an
 
 un
 
 secured creditor.
 
 See
 
 11 U.S.C. § 506(a). As noted in
 
 Collier,
 
 in the context of a “stay lifting” proceeding there is an “existing rule,” reinforced by section 506(a), “to the effect that valueless junior secured positions or unsecured deficiency claims will not be entitled to adequate protection.” 2
 
 Collier on Bankruptcy
 
 (15th ed. 1985), ¶ 362.07 at 362-53.
 
 See, e.g., In re 620 Church Street Building Corp.,
 
 299 U.S. 24, 27, 57 S.Ct. 88, 89, 81 L.Ed. 16 (1936);
 
 In re Bruce,
 
 40 B.R. 884, 3 Bankr.L.Rep. (CCH) ¶ 69,936 (Bankr.W.D.Va.1984). Thus, the Cruz’s are entitled to ask the bankruptcy court what “cause” there can be for allowing Superior to enforce its lien against collateral from which it (perhaps concededly) cannot derive legitimate value.
 

 As to the second condition, the Cruz’s will point to their own unsecured claims against the estate, their investment in property improvements, the fact that they live in the house, and Superior’s (alleged) status as an unsecured creditor. They presumably will seek an arrangement among creditors that allows them to continue to live in the house while satisfying Superior’s claims out of other assets. And, they will ask the court to find, in light of this possibility, that the property is “necessary to an effective reorganization” (which includes the terms of a liquidation,
 
 see
 
 2
 
 Collier on Bankruptcy, supra
 
 at 362-54).
 

 We do not suggest how the bankruptcy court ought to answer these questions. We find here only that the arguments that the Cruz’s seek to raise in the “stay lifting” proceeding are important ones that potentially may determine its outcome.
 

 Second, the facts alleged here bring the Cruz’s within the literal terms of Fed. R.Civ.P. 24(a). The Rule requires them to have “an interest in the property ... which is the subject of the action,” namely, the house in which they live. While this interest must be “a significantly protectable interest,”
 
 Donaldson v. United States,
 
 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971), it does not have “to be of a legal nature identical to that of claims asserted in the main action.... All that is required ... is an interest in the property ... at issue.”
 
 Diaz v. Southern Drilling Corp.,
 
 427 F.2d 1118, 1124 (5th Cir.),
 
 cert. denied sub nom. Trefina, A.G. v. United States,
 
 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970);
 
 Natural Resources Defense Council, Inc. v. Nuclear Regulatory Commis
 
 
 *27
 

 sion,
 
 578 F.2d 1341, 1345 (10th Cir.1978). Here, the Cruz’s tenancy under an exec-utory, unrecorded purchase and sale agreement gives them a legal right to remain in the house good against most of the world. This would seem an adequate “interest in the property.” Moreover, since the only effect of the stay at issue is to halt the foreclosure — since in the statute’s words the stay is “a stay of an act against property” — that property is for Rule 24(a) purposes “the subject” of the “stay lifting” “action.”
 
 Cf. United States v. Dixwell Housing Development Corp.,
 
 71 F.R.D. 558, 560 (D.Conn.1976) (intervention in mortgage foreclosure action that threatens leasehold interests; tenants’ interests are interest in the property which is the subject of the foreclosure action). This latter fact would be obvious were “stay” and “foreclosure” being handled by the same court; the existence of two courts makes no relevant difference. We have elaborated this point only because we have found some dicta to the contrary in
 
 In re Stivers,
 
 31 B.R. 735, 737 (Bankr.N.D.Cal.1983), which suggests that a junior lienholder, seeking reimposition of a stay prohibiting a senior lienholder’s foreclosure action, could have no “property” interest relevant to the “stay lifting” proceeding. In our view, this unexplained dicta, as so read, is incorrect; we read it instead to mean that since the foreclosure action at issue in
 
 Stivers
 
 offered the junior lienholder adequate protection, its property interest was (in the
 
 Stivers
 
 court’s words) “therefore not relevant.”
 

 Rule 24(a) next requires that the “disposition” of the proceeding “may as a practical matter impair or impede” the Cruz’s “ability to protect that interest.” If the stay is lifted, the Cruz’s may have to pay Superior sums over and above the market value of the property in order to remain in their home. They may be able to convince the bankruptcy court that they ought not to have to pay such sums to another
 
 un
 
 secured creditor. They may lack the right to make such an argument in a Commonwealth foreclosure action. Hence lifting the stay may as a practical matter impair their ability to protect their interest. Finally, Rule 24(a) requires that the Cruz’s interest not be “adequately represented by existing parties.” In this case, the other parties, the debtors Lopez, have no particular desire to maintain the stay: they have stipulated that the bankruptcy court may lift it.
 

 Third, contrary to Superior’s argument, section 362(d) itself allows, in an appropriate case, a creditor, as well as the bankruptcy debtor, to oppose lifting a stay. Nothing in the section’s language excludes a creditor from such a role. And, both House and Senate reports make clear that the automatic stay is aimed at protecting
 
 creditors
 
 as well as the bankruptcy debtor. The House Report states, for example,
 

 The automatic stay ... provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor’s property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly liquidation procedure under which
 
 all
 
 creditors are treated equally. A race of diligence by creditors for the debtor’s assets prevents that.
 

 H.R.Rep. No. 595, 95th Cong.2d Sess.,
 
 reprinted in
 
 [1978] U.S.Code Cong. & Admin.News 5963, 6297 (emphasis added); S.Rep. No. 989, 95th Cong.2d Sess.,
 
 reprinted in
 
 [1978] U.S.Code Cong.
 
 &
 
 Admin.News 5787, 5835.
 
 See Matter of Holtkamp,
 
 669 F.2d 505, 508 (7th Cir.1982) (“The purpose of the automatic stay is to ... provide an equitable liquidation procedure for all creditors, secured as well as unsecured.”)
 

 Fourth, the authority that Superior cites does not determine the outcome of this case. Superior points to several cases in which courts refer to the need for speedy “stay lifting” proceedings, lest delay deprive a secured creditor of the value of his collateral; and those courts have held that bankruptcy courts ought normally to try collateral issues, such as complex counterclaims, separately, after deciding somewhat sum
 
 *28
 
 marily whether to lift the stay.
 
 See In re Stivers, supra; Matter of Georgia Steel, Inc.,
 
 19 B.R. 523 (Bankr.M.D.Ga.1982);
 
 Vastola v. Milks,
 
 14 B.R. 15 (W.D.N.Y.1981);
 
 Hoyt, Inc. v. Born,
 
 10 B.R. 43 (Bankr.S.D.Tex.1981). These courts have stressed, however, that the particular counterclaims at issue before them presented matters “largely unrelated” to the decision of whether or not a stay should be lifted. H.R.Rep.,
 
 supra
 
 at 6300;
 
 cf.
 
 S.Rep.,
 
 supra
 
 at 5841 (recommending separation of “largely collateral or unrelated matters”). And, in one such case, the court explicitly
 

 made clear that the court is not holding that a counterclaim or affirmative defenses should never be tried and determined during the trial of a complaint to modify the stay.
 

 Hoyt, Inc. v. Born,
 
 10 B.R. at 50.
 

 The basic question about whether or not to include such matters in § 362(d) proceedings seems to us related to the word “cause” in § 362(d). That is to say, the less likely that such matters will show absence of "cause” for lifting the stay; the more likely that added delay will hurt the moving creditor; the less likely that lifting the stay will hurt the opposing debtor or other creditors; then the more likely it is that the judge will find immediate need and “cause” to lift the stay even without hearing about such matters in the § 362(d) proceedings.
 

 In this case, however, the matters that the Cruz’s seek to show are directly related to the merits of the § 362(d) issue. They tend to show lack of “cause,” harm to the Cruz’s, and lack of harm to Superior. They are not inordinately complex. Thus, they ought to be heard. We note that the bankruptcy court retains adequate power to control the § 362(d) proceeding, both through its ability to find “cause,” as just described, and its statutory powers to impose conditions upon those who wish to keep the stay, aimed at holding the moving party harmless,
 
 see, e.g., Browning v. Navarro,
 
 37 B.R. 201 (N.D.Tex.1983);
 
 In re Cosby,
 
 22 B.R. 682 (Bankr.D.Pa.1982);
 
 In re El Patio, Ltd.,
 
 6 B.R. 518 (Bankr.C.D.Cal.1980); 11 U.S.C. § 362(d). Under these circumstances, it does not surprise us that in the one case we have found presenting similar circumstances, a debtor was allowed to argue (and successfully argued) against lifting a stay on the ground that the junior creditor wishing to bring foreclosure proceedings had, in fact, no secured interest, since the amount of outstanding senior liens exceeded the value of the collateral.
 
 In re Bruce,
 
 40 B.R. 884, 3 Bankr.L.Rep. (CCH) ¶ 69,939 (Bankr.W.D.Va.1984).
 

 The circumstances this case presents are unlikely to arise often. One would more ordinarily expect state foreclosure proceedings to offer adequate protection to a creditor with an interest in the relevant property; alternatively, one might ordinarily expect the bankruptcy debtor or trustee to oppose lifting the stay. But where, as here, a creditor plausibly alleges facts that show an interest in the property, a significant likelihood of injury to that interest from lifting the stay, inadequate representation by others, and legal arguments based on those facts that could lead the bankruptcy court to decide in his favor, the requirements of Rule 24(a) are met; and intervention must be allowed.
 

 The decision of the district court is
 

 Affirmed.